**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | | |
|---|---|---|
| **MARY KUHL** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **No.  5:06CV253** |
| | § | |
| **CITY OF FRISCO** | § | |
| **Defendant** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, City of

Frisco's Motion to Transfer (Docket Entry # 10) was referred to the Honorable Caroline M. Craven

for the purposes of hearing and determining said motion.  The Court, having reviewed the relevant

briefing, is of the opinion the motion to transfer should be **GRANTED**.

## I.  BACKGROUND

Mary Kuhl ("Plaintiff") filed this suit against the City of Frisco ("Defendant") pursuant to

42 U.S.C. §§1983, 1985, and 1988 for alleged violations of her constitutional right to be free from

excessive use of force. Plaintiff's Original Complaint, ¶4.  The events that give rise to this lawsuit

arose out of a fatality motor vehicle accident on November 14, 2004, in the City of Frisco, Collin

County, Texas, involving Plaintiff's husband. Plaintiff's Original Complaint, ¶¶5-17.   Plaintiff

arrived on the scene after the police had begun investigating the accident. Plaintiff alleges that City

of Frisco police officers used excessive force when detaining her after she became distraught at the

scene of the accident, causing her serious bodily injury. Plaintiff's Original Complaint, ¶¶5-17.

-1-

Plaintiff contends that venue is proper the Eastern District of Texas pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in Collin County, Texas. Plaintiff's Original Complaint, ¶3. Collin County is located in the Sherman Division of the Eastern District of Texas.

## II.  DEFENDANT'S MOTION

Defendant seeks a transfer of this case from its current setting in the Texarkana Division to the Sherman Division of the United States District Court for the Eastern District of Texas. Defendant claims the Texarkana Division has no factual nexus to the case, and this case should be transferred to the Sherman Division for the convenience of the litigants, witnesses, and trial counsel for both parties, along with the public and private interest factors, in aggregate.  Defendant relies on the following in support of its motion: (1) Affidavit of Lt. Penny L. Mince; (2) Affidavit of Sgt. David Crump;(3) Affidavit of Sgt. Jason Shearer;(4) Affidavit of Officer Greg Barnett;(5) Affidavit of Officer Jeff Haynes; and (6) Affidavit of Officer Jason Hinkle.

In response, Plaintiff asserts an analysis of the factors weigh toward honoring the forum selected by Plaintiff.  Plaintiff relies on her Original Complaint and City of Frisco website excerpts.

## III. APPLICABLE LAW

Section 1404(a) provides, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Under section 1404, the defendant bears the burden of demonstrating to the Court that it should, in its sound discretion, decide to transfer the case. *See Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (holding that the decision to transfer rests within the sound discretion of the court); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred).  In determining

whether to grant a motion to transfer under section 1404(a), a district court must balance the private convenience interests of the litigants and the public interests in the fair and efficient administration of justice. *See Koehring Co. v. Hyde Const. Co.*, 324 F.2d 295, 297 (5th Cir. 1963) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *In re Triton Secs. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999); *Robertson v. Kiamichi RR Co.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1998).

The Supreme Court has noted that § 1404(a) is intended to place discretion in the district court to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). The defendant must first demonstrate that the plaintiff could have brought the action in the transferee court, *see, In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004), and then carry a strong burden to prove that the convenience factors clearly favor such a change. *See In re Triton.*, 70 F. Supp.2d at 688. The relevant venue factors must be established by affidavit, deposition, or otherwise as opposed to making unsupported assertions. *Id.*

The private interest, the convenience of the litigants, is comprised of the following factors: (1) plaintiff's choice of forum, (2) convenience and location of witnesses and the parties, (3) cost of obtaining the attendance of witnesses/cost of trial, (4) place of the alleged wrong, (5) accessibility and location of sources of proof, and (6) possibility of delay and prejudice if transfer is granted. *Mohamed v. Mazda Motor Corp.*, 90 F.Supp.2d 757, 771 (E.D. Tex. 2000) (identifying the origin of the factors as *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). The public interest is comprised of the following factors: (1) administrative difficulty, (2) localized interests in resolving localized controversies, (3) jurors, and (4) conflict of laws. *Id.*

-3-

# IV.  ANALYSIS

## A.    Jurisdiction

The Court must first determine whether Plaintiff could have sued Defendants in the Sherman Division of the Eastern District of Texas.  This case could have been brought in the Sherman Division.  The Court now considers the private interest factors: (1) plaintiff's choice of forum, (2) convenience and location of witnesses and the parties, (3) cost of obtaining the attendance of witnesses/cost of trial, (4) place of the alleged wrong, (5) accessibility and location of sources of proof, and (6) possibility of delay and prejudice if transfer is granted.

## B.    Private Interest Factors

## 1.    Plaintiffs' Choice of Forum

Although not dispositive, Plaintiffs' choice of forum is entitled to deference. *In re Horseshoe Entertainment,* 337 F.3d 429, 434 (5th Cir.2003).  A plaintiff's right to choose a forum is "well-established," and the choice is usually highly esteemed.  *In re Triton*, 70 F.Supp.2d at 688 (*quoting Texas Instruments, Inc. v. Micron Semiconductor*, 815 F.Supp. 994, 996 (E. D. Tex. 1993)).  Additionally, the plaintiff's choice is "a paramount consideration in any determination of transfer request, and that choice should not be lightly disturbed."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  The motive of the plaintiff in choosing a particular forum is ordinarily of no moment: "a court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law applied more favorable, or the judge who presides in that forum is thought more likely to rule in the litigant's favor." *In re Triton*, 70 F.Supp.2d at 689.

When the plaintiff's choice of forum has no factual nexus to the case, the choice carries little significance if other factors weigh in favor of transfer.  *Shoemake v. Union Pacific Railroad Co.*, 233

F.Supp2d 828, 830-31 (E.D. Tex. 2002).  In addition, the Court "gives the plaintiff's choice of forum close scrutiny when the plaintiff does not live in the" chosen forum.  *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 828 (S.D. Tex. 1993).

Here, Plaintiff resides in the City of Frisco, which is located in the Sherman Division. Plaintiff's Original Complaint, ¶1, p. 1. Thus, the Court gives Plaintiff's choice close scrutiny. When the plaintiff's choice of forum has no factual nexus to the case, the choice carries little significance if other factors weigh in favor of transfer. *Shoemake v. Union Pacific Railroad Co.*, 233 F.Supp2d 828, 830-31 (E.D. Tex. 2002).  The Texarkana Division has no factual nexus to this case. To the contrary, the facts pled by Plaintiff that give rise to this lawsuit arose solely in the City of Frisco, Collin County, Texas, which is located entirely in the Sherman Division of the Eastern District of Texas.

Because Plaintiff does not reside within the Texarkana  Division, "deference to plaintiff's choice of forum disappears when the lawsuit has no connection . . . to the venue chosen." *Reed v. Fina Oil & Chem. Co.*, 995 F.Supp. 705, 714 (E.D. Tex. 1998).   Given that the majority of the witnesses are also located in the Sherman Division and that there are no other ties between this litigation and the Texarkana Division, Plaintiff's choice of forum should be given little, if any, weight.

**2.     Convenience of Witnesses**

After considering the plaintiff's choice of forum, the convenience of witnesses is the "most powerful factor to be considered in ruling on a motion under § 1404(a)." *Gundle Lining Const. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S. D. Tex. 1994).  "The court is to consider whether substantial inconvenience will be visited upon key fact witnesses should the court

deny transfer." *Shoemake v. Union Pacific Railroad Co.*, 223 F.Supp.2d 828, 832 (E.D. Tex. 2002). The convenience of nonparty witnesses is accorded greater weight than that of party witnesses. *Id.* Defendant must "clearly specify the key witnesses to be called and make a general statement of what their testimony will cover." *In re Triton*, 70 F.Supp.2d at 690.

According to Defendant, no party or witness resides in the Texarkana Division; Plaintiff has not identified a single witness that resides in the Texarkana Division or even a witness that lives outside the Sherman Division. Plaintiff lives in the City of Frisco, which is located in the Sherman Division, and Defendant is located in Collin County, which is also located in the Sherman Division. Defendant attached six affidavits to their motion. According to the affidavits, at least six City of Frisco police officers were involved in this occurrence, and all of them reside in the Sherman Division; none reside in the Texarkana Division. Plaintiff was treated by City of Frisco emergency medical personnel at the scene and transported by a City of Frisco ambulance to Centennial Medical Center, which is located in the City of Frisco in the Sherman Division, where she was sedated by emergency room personnel. None of the other key witnesses who arrived at the scene or police station, and who will testify to Plaintiff's behavior and the City of Frisco police officer's handling of the situation, reside in the Texarkana Division.

Defendant has identified these other key witnesses: (1) Ms. Jheri Hunter, Plaintiff's daughter (resides in Frisco); (2) Ms. Holly Hunter, Plaintiff's daughter (resides in Frisco); (3) Ms. Staci Hunter, Plaintiff's daughter (resides in Frisco); (4) A juvenile, named Tosha, and her mother, friends of Plaintiff's daughter that came to police station and observed Plaintiff's behavior (both reside in Frisco); (5) Head volleyball coach at Frisco High School (resides in Frisco); (6) Chaplain Stan Brausell, City of Frisco Police Department chaplain (resides in Frisco); (7) Emergency Medical

Personnel, City of Frisco Fire Department, who transported Plaintiff from the City of Frisco Police Department to Centennial Medical Center; (8) Emergency Room Personnel at Centennial Medical Center (located in Frisco) who treated Plaintiff, ultimately sedating her, after she was transported from the City of Frisco Police Department; (9) Approximately two dozen other friends and family members of Plaintiff who came to the City of Frisco Police Department to be with Plaintiff after she was transported from the scene to the police station and who observed her at the police station.

In response, Plaintiff asserts all of the affidavits provided by Defendant are from employees of the City of Frisco Police Department, and these witnesses are under the control of Defendant, making Defendant's concern about the ability to compel them to testify at trial moot.  Plaintiff contends Defendant has failed to provide the Court with evidence to support the inconvenience of any other key witnesses.

Defendant has clearly identified the key witnesses. Some of the witnesses identified are parties, and some of the witnesses identified are non-parties.  However, all of those potential key witnesses are located in the Sherman Division.  As for the non-party witnesses, Defendant provided the Court with a long list of non-party witnesses who may give testimony in this lawsuit, including Plaintiff's family, juveniles and their parents, the head volleyball coach at Frisco High School, medical personnel at Centennial Medical Center, and other friends and family of Plaintiff that came to the police station on the night in question. None of these witnesses are under the control of or employed by the City of Frisco. The City of Frisco is located approximately 40 miles from the federal courthouse in Sherman.  Non-party witnesses would be required to travel approximately 180 miles to the Texarkana courthouse.

Even though the convenience of non-party witnesses is accorded greater weight than that of

party witnesses, the Court stills considers the convenience of party witnesses.  Here, Defendant has

identified who some of the key witnesses for their defense will be and indicated what their general

testimony is likely to be.  Several officers with the City of Frisco Police Department filed affidavits

with Defendant's motion, indicating their general involvement with this case and the inconvenience

they would suffer if the lawsuit is tried in Texarkana as opposed to Sherman.  A trial in Texarkana

would likely require the witness police officers to miss one or more days of work to provide trial

testimony, and it would be more likely they would be required to stay overnight at least one night.

For these reasons, the Court finds the convenience of the parties and non-party witnesses

weighs heavily in favor of transferring this case to the Sherman Division, especially in light of the

fact that there is no factual nexus with the Texarkana Division.  Thus, this factor weighs in favor of

transfer.

### 3.      Cost of Obtaining Attendance of Witnesses and Availability of Process

Defendant asserts the Texarkana federal courthouse is the more distant forum from the parties

and witnesses, and therefore the witnesses' travel costs will be substantially greater than the

proposed venue in Sherman. In addition, Defendant asserts it is much less likely that witnesses

residing in Frisco, Texas would require overnight lodging and meals if the trial occurs in Sherman

rather than Texarkana.  Defendant further asserts the subpoena power of each possible venue plays

a significant role in the accessibility of witnesses and other sources of proof. According to

Defendant, Collin County witnesses would be entitled to move to have any trial subpoenas quashed

because they would be required to travel more than 100 miles to Texarkana for trial. The Court finds

this factor weighs in favor of transfer.

4.      **Accessibility and Location of Sources of Proof**

This Court has previously noted that this factor does not become important unless the documents are so voluminous that their transport constitutes a major undertaking. *In re Triton*, 70 F. Supp. 2d at 690.   However, the accessibility and location of sources of proof remains a consideration in the Court's analysis of which division would be most convenient.  Here, material documents and physical evidence may be located in the Sherman Division, but Defendant has not shown that the transport of documents relating to this matter is a major concern.  This factor does not weigh in favor of transfer.

5.      **Place of the Alleged Wrong**

It is undisputed the incident in question occurred in Frisco, Texas. Frisco, Texas is located in the Sherman Division of the Eastern District of Texas.  This factor weighs in favor of transfer to the Sherman Division.

6.      **Delay or Prejudice**

When the cause of action is still in the early stages of litigation, any delay resulting in the transfer to the proper forum should not prejudice either party. *Ruth v. KLI, Inc*., 143 F. Supp. 2d 696, 698 (E.D. Tex. 2001). Here, the action is in early stages of litigation, and any delay resulting from a transfer should not prejudice either party.  This factor weighs in favor of transfer.

B.      **Public Interest Factors**

1.      **Administrative Difficulty**

Defendant has put forth no argument or proof that this case can be heard any faster or more judiciously in the Sherman division that it can in the Texarkana division. This public interest factors weighs against transfer.

2.      **Localized Interests in Resolving Localized Controversies**

This factor weights heavily in favor of transferring this case to the Sherman Division. As noted above, Plaintiff is a resident of Collin County where Defendant City of Frisco is located.  The overwhelming majority, if not all, potential witnesses, medical professionals, and city, police, fire, and emergency medical personnel involved in this lawsuit reside in Collin County or nearby. As such, the citizens of the Sherman Division have a strong local interest in resolving this local controversy.  This factor weighs in favor of transfer.

3.      **Jurors**

The potential jurors in the Texarkana Division should not be burdened with jury duty to decide a lawsuit that has no connection to the Texarkana Division. Because all of the operative facts occurred in Collin County, and all of the parties and most, if not all, of the witnesses, reside there, the citizens of the Sherman Division may fairly be asked to decide the disputed facts of this case. This factor weighs in favor of transfer.

## V.  CONCLUSION

Defendant "must carry a strong burden to prove that [the convenience] factors clearly favor such a change." *In re Triton*, 70 F.Supp.2d at 688.  Carefully considering all of the relevant factors, the Court concludes that Defendant has carried its strong burden of showing the interests of justice and the convenience of the witnesses and parties will be better served by transferring this action to the Sherman Division of the Eastern District of Texas.  Accordingly, the Court is of the opinion that Defendant's motion should be granted.  Based on the foregoing analysis, it is hereby

**ORDERED** that City of Frisco's Motion to Transfer (Docket Entry # 10) is hereby **GRANTED.**  It is further

**ORDERED** that the above-entitled and numbered cause of action is transferred to the Eastern District of Texas, Sherman Division.

**SIGNED this 3rd day of April, 2007.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE